IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| ATO SMITH, | Civil No. 26-00089 MWJS-WRP |
|---|---|
| Plaintiff, | |
| vs. | ORDER (1) GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| AMAZON.COM SERVICES, LLC, | |
| Defendant. | |

### INTRODUCTION

On February 27, 2026, Plaintiff Ato Smith filed a complaint and an application to proceed without paying fees or costs, otherwise called an in forma pauperis or "IFP" application.  Because the court finds Smith has demonstrated an inability to pay, his IFP application, Dkt. No. 2, is GRANTED.  But because Smith has not pled facts establishing each element of his claims, his complaint, Dkt. No. 1, is DISMISSED WITH LEAVE TO AMEND.

### DISCUSSION

**A.    The IFP Application**

It is expensive to litigate a case in federal court, but when a person submits an affidavit demonstrating an inability to prepay fees and costs, a federal court may authorize the person not to do so.  28 U.S.C. § 1915(a)(1).  The applicant need not

demonstrate absolute destitution, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948), but must at least "allege poverty with some particularity, definiteness, and certainty," *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (cleaned up). An affidavit is sufficient where it alleges that the applicant "cannot pay the court costs and still afford the necessities of life." *Id.* (citing *Adkins*, 335 U.S. at 339); *see* 28 U.S.C. § 1915(a)(1).

In this case, Smith has submitted an affidavit in which he represents that his gross wages are $640, but that he has not yet received his first paycheck of $559. Dkt. No. 2, at PageID.9. In addition to this income, Smith receives food stamps. *Id.* He claims that he has $16.01 in his bank account, and that his monthly expenses include a $60 phone payment and $80 for transportation. *Id.* at PageID.10. His affidavit also states that he is homeless and owes $88,000 in student loans. *Id.* Based on this information, the court concludes that Smith has demonstrated an inability to pay court fees and costs while still affording the necessities of life. The court therefore GRANTS his IFP application.

  B.  **Screening of the Complaint**

When a litigant asks to proceed without prepayment of fees, the court is statutorily required to screen the complaint for other deficiencies. *See* 28 U.S.C. § 1915(e)(2). Under that statute, the court must dismiss claims or complaints that are frivolous, malicious, or fail to state a claim for relief. *See id.* at § 1915(e)(2)(B); *Lopez v.*

*Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).  Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A involves the same standard as is used under Federal Rule of Civil Procedure 12(b)(6).  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  And when screening a complaint, the court liberally construes pro se litigants' pleadings and resolves all doubts in their favor.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010).

In evaluating whether a complaint states a valid claim for screening purposes, courts generally apply the pleading standards in Rule 8 of the Federal Rules of Civil Procedure.  *See Zixiang Li v. Kerry*, 710 F.3d 995, 998-99 (9th Cir. 2013) (explaining that "Rule 12(b)(6) is read in conjunction with Rule 8(a)").  Under Rule 8, a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id*. (cleaned up).  A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a particular defendant for specific misconduct.  *See id*.

In the present case, even when liberally construing Smith's pro se complaint, the court finds dismissal appropriate because the complaint does not state a claim upon which relief can be granted.

3

Smith alleges that he was employed by Amazon.com Services, LLC, ("Amazon") at its Honolulu facility, beginning on June 19, 2025. Dkt. No. 1 at PageID.3. He asserts that he has ADHD and dyslexia, which he characterizes as disabilities under the Americans with Disabilities Act ("ADA"). *Id*. According to Smith, he disclosed these disabilities during training and requested assistance, but his employer failed to provide reasonable accommodations and instead separated him from training and placed him into his assignment without adequate support. *Id*. Smith also alleges that he was labeled "threatening" due to his race, which he claims created a hostile work environment, and that after reporting discrimination and filing an inquiry with the Equal Employment Opportunity Commission ("EEOC") around July 22, 2025, he experienced retaliation, including suspension and other adverse treatment. *Id*. Smith alleges that he suffered loss of wages, benefits, tuition assistance, and emotional distress as a result. *Id*. And he alleges that all of this violated his rights under Title VII of the Civil Rights Act of 1964 ("Title VII"). Smith's complaint also alleges that he filed a charge of discrimination with the EEOC on December 1, 2025. *Id*. at PageID.5-7. The EEOC then issued a notice stating that it would not proceed further with its investigation and informing Smith of his right to file a civil action within ninety days of receiving the notice. *Id*. at PageID.8.

Even accepting these allegations as true, however, the complaint does not plead sufficient factual matter to state a plausible claim for relief under the statutes invoked.

4

      **1.**      **ADA Claim**

The ADA makes it unlawful for any covered entity to "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A plaintiff establishes a prima facie ADA employment discrimination case by showing "(1) he is a disabled person within the meaning of the statute; (2) he is a qualified individual with a disability; and (3) he suffered an adverse employment action because of his disability." *Hutton v. Elf Atochem N. Am., Inc.*, 273 F.3d 884, 891 (9th Cir. 2001).

Smith's disability discrimination claim appears to be based on the theory that Amazon failed to accommodate his ADHD and dyslexia, and subjected him to adverse treatment because of those disabilities. Dkt. No. 1 at PageID.3. According to the complaint, Smith disclosed these conditions during training and requested assistance, but Amazon allegedly separated him from training and placed him into his assignment without proper support. *Id*.

Even accepting these allegations as true, they are not sufficient to state a claim for employment discrimination under the ADA. As to the first prong, to show a "disability" as that term is defined in the ADA, a plaintiff must show a "physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C.

§ 12102(1). Although Smith alleges that he has ADHD and dyslexia, the complaint does not allege facts explaining how either condition substantially limits a major life activity. Simply identifying a medical condition, without factual allegations describing how that condition limits major life activities, is insufficient to establish a disability within the meaning of the ADA. *See id.*; *Hutton*, 273 F.3d at 891.

As to the second prong, Smith does not allege facts demonstrating that he was a "qualified individual"—that is, that he was able to perform the essential functions of his job with or without reasonable accommodation. *See* 42 U.S.C. § 12111(8). The complaint alleges difficulties during training and the need for assistance, but does not include factual allegations explaining what the essential functions of the position were, or how Smith could perform them with a reasonable accommodation.

Finally, to establish an ADA employment discrimination claim, Smith must allege facts demonstrating that he suffered an adverse employment action because of his disability. *See Hutton*, 273 F.3d at 891. The complaint asserts that Amazon failed to accommodate him and that he experienced suspension and other adverse treatment after reporting discrimination. But Smith pleads no facts connecting those actions to his alleged disabilities. Instead, the complaint provides only conclusory assertions that the conduct was discriminatory. Such allegations are insufficient to plausibly establish that any adverse action occurred because of Smith's disability.

In sum, Smith fails to state a prima facie case of ADA employment discrimination because he has not pled sufficient facts to establish each element of the claim. Accordingly, that claim is DISMISSED.

### 2. Title VII Claim

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of disparate treatment discrimination under Title VII, a plaintiff must demonstrate that "(1) [he] belongs to a protected class; (2) [he] was qualified for [his] position; (3) [he] was subject to an adverse employment action; and (4) similarly situated individuals outside [his] protected class were treated more favorably." *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008). "[A]n adverse employment action is one that 'materially affect[s] the compensation, terms, conditions, or privileges of ... employment.'" *Id.* (quoting *Chuang v. Univ. of Cal. Davis*, 225 F.3d 1115, 1126 (9th Cir. 2000)).

Here, Smith indicates that he was subjected to discriminatory treatment based on race. Dkt. No. 1 at PageID.3. But the complaint contains only a conclusory assertion that he was treated differently because of his race. It does not allege facts supporting a reasonable inference that Amazon took any adverse employment action *because of*

7

Smith's race. For example, Smith does not allege that similarly situated employees of a different race were treated more favorably, nor does he identify any racially discriminatory statements or actions tied to a specific employment decision. Instead, the complaint alleges that Smith was labeled "threatening" and that he experienced workplace difficulties related to training and job assignments. *Id*. These allegations, without additional factual context linking them to racial animus, are insufficient to state a plausible Title VII discrimination claim. *See Iqbal*, 556 U.S. at 678.

To the extent Smith also intends to assert a hostile work environment claim under Title VII, the complaint does not plausibly allege such a claim. A hostile work environment exists when discriminatory conduct in the workplace is "sufficiently severe or pervasive to alter the conditions of employment." *Christian v. Umpqua Bank*, 984 F.3d 801, 809 (9th Cir. 2020). The conduct need not be directed specifically at the plaintiff to support such a claim, *Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 687 (9th Cir. 2017), but it must be of a nature that permeates the workplace with "discriminatory intimidation, ridicule, or insult" such that it creates an abusive working environment. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993); *Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1463 (9th Cir. 1994). Here, Smith does not allege facts describing conduct that meets this standard. Apart from a single allegation that he was labeled as "threatening," the complaint does not describe "discriminatory intimidation, ridicule, or insult" connected to Smith's race. And even accepting that allegation as true,

"[s]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminat[ion]." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (cleaned up).  On the facts alleged here, therefore, Smith has not plausibly alleged conduct that was sufficiently severe or pervasive to alter the conditions of his employment.

Nor does the complaint plausibly allege retaliation under Title VII.  "To make out a prima facie case of retaliation, an employee must show that (1) he engaged in a protected activity; (2) his employer subjected him to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action." *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000).  Smith's complaint alleges that shortly after he filed his EEOC inquiry in July 2025, he began to experience retaliation, which included a suspension.  These allegations might possibly be enough to plausibly allege that Smith engaged in a protected activity and that an adverse employment action was taken against him.  But the complaint, in this current form, does not offer enough factual detail to plausibly allege causation.  To be sure, the temporal proximity of a protected activity and an adverse employment action—which Smith alleges—can support an inference of causation.  *See Jarvis v. Corteva Agriscience, Inc.*, Civ. No. 23-00396, 2025 WL 1312119, at *7-10 (D. Haw. May 6, 2025).  But it cannot support such an inference here.  For one thing, Smith does not allege that his employer knew he had filed an EEOC inquiry at the time of the alleged retaliation in around July 2025.  For

9

another, although his December 2025 charge of discrimination with the EEOC would have been disclosed to his employer, Smith does not allege any further retaliation after that date.  These shortcomings are fatal to Smith's complaint in its current form because "[e]ssential to a causal link is evidence that the employer was aware that the plaintiff had engaged in the protected activity."  *Id.* at \*7 (quoting *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982)).

And so, as with his ADA claim, Smith has failed to allege any prima facie case under Title VII because he has not pled sufficient facts to establish each element of any of his claims.  Accordingly, the Title VII claims are DISMISSED.

### 3. Leave to Amend

But Smith could potentially cure the deficiencies in his complaint by alleging facts demonstrating that he is disabled within the meaning of the ADA, that he was a qualified individual able to perform the essential functions of his position with or without reasonable accommodation, and that Amazon failed to provide a reasonable accommodation or otherwise took adverse action because of his disability.  He could also allege additional facts supporting a reasonable inference that Amazon took adverse action against him because of his race or because of his protected activity, for purposes of his Title VII claim.  In other words, Smith must allege facts that link his disabilities or other protected status to the actions he claims Amazon took for purposes of making the respective claims.

The court therefore GRANTS Smith leave to amend the complaint. Any amended complaint—which should be titled "First Amended Complaint"—must be filed by April 13, 2026, and must cure the deficiencies identified above; that is, Smith must provide sufficient facts to establish claims under the ADA or Title VII in the ways described above. Smith is cautioned that failure to timely file an amended complaint that addresses the deficiencies identified above will result in the automatic dismissal of this action.

## **CONCLUSION**

For the foregoing reasons, the court GRANTS Smith's IFP application, DISMISSES the complaint, and GRANTS Smith leave to amend.

If Smith elects to file an amended complaint, he must comply with the following requirements:

(1) Smith's deadline to file an amended complaint is April 13, 2026;

(2) Smith's amended complaint should be titled "First Amended Complaint"; and

(3) Smith must cure the deficiencies identified above.

Smith is cautioned that failure to timely file an amended complaint that complies with this order will result in automatic dismissal of this action.

//

//

IT IS SO ORDERED.

DATED: March 13, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

Civil No. 26-00089 MWJS-WRP; *Smith v. Amazon.com Services, LLC*; ORDER (1) GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND

12